Peter Kristofer Strojnik, State Bar No. 242728
pstrojnik@strojniklaw.com
**THE STROJNIK FIRM LLC**
**A LIMITED LIABILITY COMPANY**
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
Telephone: (602) 510-9409
Facsimile: (602) 773-0370

Attorneys for Plaintiff THERESA BROOKE

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim, | Case No: |
| Plaintiff, | **VERIFIED COMPLAINT** |
| vs. | |
| NARESH KHUSHBOO PATEL, an individual dba America's Best Inn & Suites, | (Jury Trial Demanded) |
| Defendant. | |

Plaintiff alleges:

### PARTIES

1.      Plaintiff Theresa Brooke is a married woman currently residing in Pinal County, Arizona. Plaintiff is and, at all times relevant hereto, has been legally disabled, confined to a wheel chair, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the California Unruh Civil Rights Act, California Civil Code § 51,

52, and the California Disabled Persons Act. Plaintiff ambulates with the aid of a wheelchair due to the loss of a leg.

2.    Defendant, Naresh Khushboo Patel, owns and/or operates and does business as the hotel, America's Best Inn & Suites located at 1199 Motel Drive, Merced, California 95341. Defendant's hotel is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A), which offers public lodging services.

## JURISDICTION AND VENUE

3.    Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 12188. The Court has supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367.

4.    Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

5.    Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

6.    On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

7.    The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

8.    Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181-89.

9.    On July 26, 1991, the Department of Justice ("DOJ") issued rules implementing Title III of the ADA, which are codified at 28 CFR Part 36.

10.    Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 CFR part 36) contains the ADA standards for Accessible Design (1991 Standards), which were based upon the Americans with Disabilities Act Accessibility Guidelines (1991 ADAAG) published by the Access Board on the same date.

11.    In 1994, the Access Board began the process of updating the 1991 ADAAG by establishing a committee composed of members of the design and construction industries, the building code community, and State and local governmental entities, as well as individuals with disabilities.

12.    In 1999, based largely on the report and recommendations of the advisory committee, the Access Board issued a notice of proposed rulemaking to update and revise its ADA and ABA Accessibility Guidelines.

13.    The Access Board issued final publication of revisions to the 1991 ADAAG on July 23, 2004 ("2004 ADAAG").

14.    On September 30, 2004, the DOJ issued an advanced notice of proposed rulemaking to begin the process of adopting the 2004 ADAAG.

15.    On June 17, 2008, the DOJ published a notice of proposed rulemaking covering Title III of the ADA.

16.    The long-contemplated revisions to the 1991 ADAAG culminated with the DOJ's issuance of The 2010 Standards for Accessible Design ("2010 Standards"). The DOJ published the Final Rule detailing the 2010 Standards on September 15, 2010. The 2010 Standards consist of the 2004 ADAAG and the requirements contained in subpart D of 28 CFR part 36.[1]

## CORRESPONDING STATE LAW STATUTES

17.    Unruh Civil Rights Act and the California Disabled Persons Act incorporate ADA standards, so a "violation of the ADA also constitutes a violation of

---

[1] Though the Effective Date of the 2010 Standards was March 15, 2011, the deadline for existing pools to comply did not become effective until January 31, 2013, at which time the 2010 Standards became enforceable through civil actions by private plaintiffs.

1  both the Unruh Act and the DPA." *Californians for Disability Rights v. Mervyn's LLC*,

2  165 Cal. App. 4th 571, 586, 81 Cal. Rptr. 3d 144 (2008); *Molski v. M.J. Cable*, Inc., 481

3  F.3d 724, 731 (9th Cir. 2007).

4      18.    Unruh provides for injunctive relief, monetary damages in an amount not

5  less than $4,000.00, and for the recovery of attorney's fees and costs.

6      19.    The DPA provides for monetary damages in an amount not less than

7  $1,000.00 and for the recovery of attorney's fees and costs.

8  ## ALLEGATIONS COMMON TO ALL COUNTS

9      20.    Plaintiff and her husband are avid travelers to California. She has been to

10  California numerous times this year and to Fresno at least two times in the last few

11  months as an example. Due to Plaintiff's many special needs, she requires the use of

12  lodging rooms that are accessible to her and have the standard accessibility features

13  such as roll-in showers, adequate spacing around the furniture in the lodging room, grab

14  bars surrounding the toilet, and other commonly-accepted accessibility features.

15      21.    On or about March 20, 2018, Plaintiff was driving through Merced and

16  needed a place to stay for the night; she went to Defendant's hotel to book a room.

17  Defendant's hotel is situated such that all of hotel room front doors open to the outdoor

18  parking lot; there is a sidewalk that proceeds along all of the hotel front doors.

19  Immediately upon pulling into the hotel parking lot, Plaintiff noticed that there was a

20  curb in front of ALL of the hotel room front doors making it impossible for her to enter

21  any of the hotel rooms if she decided to book one. Plaintiff spent time trying to locate a

22  ramp or a cut-out that would allow her access, and there was none. Accordingly, unable

23  to access any of the rooms in a wheelchair, Plaintiff decided to not book a room at the

24  hotel.

25      22.    Plaintiff has personal knowledge of a barrier related to her disability, that

26  is, the hotel rooms at Defendant's hotel are inaccessible to her by virtue of her

27  confinement to a wheel chair, and is currently deterred from returning to Defendant's

28

accommodation by this accessibility barrier. Therefore, she has suffered an injury-in-fact for the purpose of her standing to bring this action.

23.    But for the curb in front of all of the hotel rooms, Plaintiff would be able to access the rooms as able-bodied persons can.

24.    Plaintiff and her husband plan on visiting Central California in late summer 2018 as well as Yosemite.

25.    As a result of Defendant's non-compliance with the ADA, Plaintiff did not lodge at the hotel. However, notwithstanding the barriers at issue, Plaintiff will lodge at Defendant's hotel later this year during her planned trip IF she receives notice that Defendant in fact removes the barrier. Plaintiff especially hopes Defendant does in fact remediate, as she wishes to diversify her lodging during her trips and because her selection is limited due to the industry's overall lack of complete compliance with accessibility laws.

26.    Upon information and belief, though Defendant has centralized policies regarding the management and operation of its hotel, Defendant does not have a plan or policy that is reasonably calculated to make its entire hotel fully accessible to and independently usable by, disabled people.

27.    Plaintiff and other disabled persons have been injured by Defendant's discriminatory practices and failure to remove architectural barriers. These injuries include being deterred from using Defendant's hotel due to the lack of equality at the hotel.

28.    Other potential violations and barriers to entry at Defendant's hotel may be discovered through an expert inspection of the hotel property pursuant to Rule 34. So as to avoid piecemeal litigation to ensure full access to the entirety of the property at issue, Plaintiff will amend her complaint to allege and all additional barriers discovered during the Rule 34 inspection. *Doran v. 7-Eleven*, 524 F.3d 1034 (9th Cir. 2008).

## FIRST CAUSE OF ACTION
**(Violation of Title III the Americans with Disabilities Act)**

29.    Plaintiff incorporates all allegations heretofore set forth.

30.    Defendant has discriminated against Plaintiff and others in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and the 2010 Standards, as described above.

31.    Defendant has discriminated against Plaintiff in that it has failed to remove architectural barriers to make its lodging services fully accessible to, and independently usable by individuals who are disabled in violation of 42 U.S.C. §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the requirements of the 2010 Standards would neither fundamentally alter the nature of Defendant's lodging services nor result in an undue burden to Defendant.

32.    In violation of the 2010 Standards and the ADA, Defendant's hotel rooms have a curb barrier to enter the rooms.

33.    Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards, as described above, is readily achievable.

34.    Defendant's conduct is ongoing, and, given that Defendant has never fully complied with the ADA's requirements that public accommodations make lodging services fully accessible to, and independently usable by, disabled individuals, Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

35.    Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies that it is fully in compliance with the mandatory requirements of the ADA that are discussed above, Defendant's non-compliance with the ADA's requirements that its hotel rooms are fully accessible to, and independently useable by, disabled people is likely to recur.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that its hotel rooms are fully accessible to, and independently usable by, disabled individuals;

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable,  a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its hotel into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the hotel rooms are fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its hotel is fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of costs of suit;

d. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of attorneys' fees pursuant to 42 U.S.C. § 12205, 28 CFR § 36.505 and other principles of law and equity and in compliance with the "prevailing party" and "material alteration" of the parties' relationship doctrines[2] in an amount no less than $3,500.00; and,

---

[2] As applicable to ADA cases, see *Coppi v.  City of Dana Point*, Case No. SACV 11-1813 JGB (RNBx) (February, 2015)

e. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the ADA; and

f. The provision of whatever other relief the Court deems just, equitable and appropriate.

## SECOND CAUSE OF ACTION
**(Violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§51, 52)**

36.     Plaintiff realleges all allegations heretofore set forth.

37.     Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.

38.     Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

39.     Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

40.     Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $4,000.00.

41.     Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable,  a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its hotel into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the hotel rooms are fully accessible to, and independently usable by, disabled

individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its hotel is fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c.   Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of costs of suit;

d.   Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of attorneys' fees pursuant to 42 U.S.C. § 12205, 28 CFR § 36.505 and other principles of law and equity and in compliance with the "prevailing party" and "material alteration" of the parties' relationship doctrines[3] in an amount no less than $3,500.00; and,

e.   Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the ADA; and

f.   For damages in an amount no less than $4,000.00; and

g.   The provision of whatever other relief the Court deems just, equitable and appropriate.

## THIRD CAUSE OF ACTION
**(Violation of the California Disabled Persons Act, Cal. Civ. Code §§54-54.3)**

42.    Plaintiff realleges all allegations heretofore set forth.

43.    Defendant has violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.

44.    The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

---

[3] As applicable to ADA cases, see *Coppi v. City of Dana Point*, Case No. SACV 11-1813 JGB (RNBx) (February, 2015)

45.    Plaintiff has been damaged by the Defendant's non-compliance with the DPA.

46.    Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.

47.    Pursuant to the DPA, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial. Cal. Civ. Code § 54.3.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a.    A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b.    Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable,  a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its hotel into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the hotel rooms are fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its hotel is fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c.    Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of costs of suit;

d.    Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of attorneys' fees pursuant to 42 U.S.C. § 12205, 28 CFR § 36.505 and other principles of law and equity and in compliance

1  with the "prevailing party" and "material alteration" of the parties'

2  relationship doctrines[4] in an amount no less than $3,500.00; and,

3     e.  Order closure of the Defendant's place of public accommodation until

4        Defendant has fully complied with the ADA; and

5     f.  For damages in an amount no less than $1,000.00; and

6     g.  The provision of whatever other relief the Court deems just, equitable and

7        appropriate.

8  **DEMAND FOR JURY TRIAL**

9  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby

10 demands a jury trial on issues triable by a jury.

11 RESPECTFULLY SUBMITTED this 1st day of April, 2018.

12

13                     **THE STROJNIK FIRM L.L.C.**

14

15

16                     Peter Kristofer Strojnik (242728)

17                     2415 East Camelback Road, Suite 700

                    Phoenix, Arizona 85016

18                     Attorneys for Plaintiff

19 **VERIFICATION COMPLIANT WITH R10-3-405**

20 I declare under penalty of perjury that the foregoing is true and correct.

21

22 DATED this 1st day of April, 2018.

23

24

25 Theresa Brooke

26

27 ────────────────────

[4] As applicable to ADA cases, see *Coppi v. City of Dana Point*, Case No. SACV 11-

28 1813 JGB (RNBx) (February, 2015)