# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| THERESA BROOKE, | Case No. 1:18-cv-00444-LJO-SAB |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING IN PART PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT |
| v. | |
| NARESH KHUSHBOO PATEL, | (ECF No. 7) |
| Defendant. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

## I.

## BACKGROUND

Plaintiff Theresa Brooke ambulates with a wheelchair due to the loss of a leg. (Compl. ¶ 1.) She lives in Arizona and is an avid traveler to California with her husband. (Id. at ¶¶ 1, 20.) Around March 20, 2018, Plaintiff was driving through Merced, California, and needed a place to stay for the night. (Id. at ¶ 21.) Plaintiff went to the America's Best Inn & Suites located at 1199 Motel Drive which is owned and or operated by Defendant Naresh Khushboo Patel. (Id. ¶¶ 2, 21.) When Plaintiff drove into the parking lot she noticed that there was a curb in front of all the hotel room front doors making it impossible for her to enter into any of the hotel rooms if she booked a room. (Id. at ¶ 21.) Plaintiff attempted to locate a ramp or cut-out that would allow her access and did not find one. (Id.) Plaintiff decided not to book a room at the hotel because she would not be

1

able to access any of the rooms in a wheelchair. (Id.) Plaintiff plans on visiting Central California and Yosemite in late summer 2018 and would stay at the hotel if she receives notice that the barriers have been removed. (Id. at ¶ 25.)

On April 2, 2018, Plaintiff filed this action alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12102(2); California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51, 52; and California's Disabled Persons Act, Cal. Civ. Code §§ 54-54.3. (ECF No. 1.) Defendant Patel was personally served on April 14, 2018. (ECF No. 4 at 2.) On May 16, 2018, the Clerk of the Court entered default against Defendant at Plaintiff's request. (ECF Nos. 5, 6.) Plaintiff filed a motion for default judgment on May 28, 2018. (ECF No. 7.)

A hearing on Plaintiff's motion was held on July 11, 2018. Neither Plaintiff nor Defendant appeared at the July 11, 2018 hearing. Contemporaneously with this findings and recommendations, an order requiring Plaintiff to show cause for the failure to appear at the July 11, 2018 hearing issued.

Having considered the moving papers, the declarations and exhibits attached thereto, arguments presented at the July 11, 2018 hearing, as well as the Court's file, the Court issues the following findings and recommendations.

## II.

## LEGAL STANDARD FOR DEFAULT JUDGMENT

Pursuant to Federal Rules of Civil Procedure 55, obtaining a default judgment is a two-step process. Yue v. Storage Technology Corp., No. 3:07-cv-05850, 2008 WL 361142, *2 (N.D. Cal. Feb, 11, 2008). Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). After entry of default, the plaintiff can seek entry of default judgment. Fed. R. Civ. P. 55(b)(1) and (2).

An entry of default judgment is governed by Federal Rule of Civil Procedure 55, which allows the court to conduct hearings when necessary to enter or effectuate judgment. The decision to grant a motion for entry of default judgment is within the discretion of the court. PepsiCo, Inc.

v. California Security Cans, 238 F.Supp.1172, 1174 (C.D. Cal. 2002). The Ninth Circuit has set forth the following factors for the court is to consider in exercising its discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Once default has been entered, the factual allegations in the complaint are taken as true, but the allegation regarding the amount of damages must be proven. See Fed R. Civ. P. 55(b)(2); Garamendi v. Henin, 683 F.3d 1069, 1080 (9th Cir. 2012). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992). The relief sought must not be different in kind or exceed the amount that is demanded in the pleadings. Fed. R. Civ. P. 54(c).

## III.

## DISCUSSION

### A. The Eitel Factors Weigh in Favor of Default Judgment

As discussed below, consideration of the Eitel factors weighs in favor of granting default judgment in this instance.

#### 1. Prejudice to Plaintiff if Default Judgment is Not Granted

If default judgment is not entered, Plaintiff is effectively denied a remedy for the violations alleged in this action until such time as the defendant in this action decides to appear in the litigation, which may never occur.

#### 2. The Merits of Plaintiff's Substantive Claims and Sufficiency of Complaint

The court is to evaluate the merits of the substantive claims alleged in the complaint as well as the sufficiency of the complaint itself. In doing so, the court looks to the complaint to determine if the allegations contained within are sufficient to state a claim for the relief sought. Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978).

##### a. **Americans with Disabilities Act**

"An ADA plaintiff suffers a legally cognizable injury under the ADA if he is

'discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, [or] facilities . . . of any place of public accommodation.' " Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 952 (9th Cir. 2011) (quoting 42 U.S.C. § 12182(a)). As relevant here, discrimination is defined as "a failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [she] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [her] disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)). "To succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." Parr v. L & L Drive-In Restaurant, 96 F.Supp.2d 1065, 1085 (D. Hawaii 2000).

The ADA strives to "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(2). The statute was enacted on the premise that discrimination against the disabled in most often the product of thoughtlessness and indifference, and for that reason, "the ADA proscribes not only 'obviously exclusionary conduct,' but also 'more subtle forms of discrimination—such as difficult-to-navigate restrooms and hard-to-open doors—that interfere with disabled individuals' full and equal enjoyment' of public places and accommodations." Cohen v. City of Culver City, 754 F.3d 690, 694 (9th Cir. 2014).

The ADA defines disability as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Major life activities as defined by the ADA include walking and standing. 42 U.S.C. § 12102(2)(A). Plaintiff alleges that she requires the use of a wheelchair due to the loss of her leg and therefore she is "physically disabled" as defined by applicable California and federal law. (ECF No. 2 at ¶ 1.)

Plaintiff alleges that the facility is a public accommodation facility which is open to the

public, intended for non-residential use, and its operations affect commerce. (ECF No. 2 at ¶ 2.) Further, Plaintiff alleges that Defendant owns or operates the business which is a public accommodation offering public lodging services. (Id.) "A hotel is a public accommodation." Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr., 867 F.3d 1093, 1097 (9th Cir. 2017) (citing 42 U.S.C. 12181(7)(A).

"The ADA defines the term 'readily achievable' to be 'easily accomplishable and able to be carried out without much difficulty or expense.' " Parr, 96 F.Supp.2d at 1088 (quoting 42 U.S.C. § 12181(9)). Plaintiff also alleges that the hotel has a curb barrier that prevents her from entering the motel rooms and removing it would not fundamentally alter the nature of Defendant's business nor result in an undue burden. (Id. at ¶¶ 31, 32.)

Plaintiff has sufficiently alleged a prima facie case of discrimination for failure to comply with the ADA.

Plaintiff visited Defendant's establishment on March 20, 2018, and states that she was denied access because there was no cut out or ramp allowing her access to any of the motel's rooms. (Compl. ¶ 21.) Plaintiff alleges that the defendant does not have a plan or policy that is reasonably calculated to make the entire motel fully accessible to independently useable by disabled people.[1] (Id. at ¶ 26.)

The allegations in the complaint are taken as true due to Defendant's default, and Plaintiff has met her burden of stating a prima facie claim for discrimination under Title III. Plaintiff is

---

[1] While states that the "entire hotel" is not fully accessible, the ADA requires only that some of the rooms be accessible and usable by disabled individuals. Roberts v. Royal Atl. Corp., 542 F.3d 363, 375 (2d Cir. 2008). The Court notes some concern due to the evidence presented in support of the motion for default judgment and the language used in the complaint as to whether the facility is in violation of the ADA. Specifically, Plaintiff alleges that there are curbs in from of all the rooms of the motel that preclude her access to any of the rooms. In her motion for default judgment she states that she noticed that each and every room that **faced the parking lot** had a curb that precludes entry into the room for a person in a wheelchair. (ECF No. 7 at 3 (emphasis added).) Plaintiff also provided a photograph of a portion of the motel. Upon review of the photograph included, it is unclear if the blacktop in front of the room does not have a curb but may be raised to be level or close to level to the walkway. To get a better view, the Court did go to the website for the hotel and accessed the google earth view of the motel. This shows that there is a handicapped parking space to the left of the motel's office which appears to grant disabled access to the walkway leading to the rooms on the office side of the facility. While the Court cannot consider such evidence for the purposes of determining the motion where the defendant is in default, the language used in the complaint, the picture included in the motion for default judgment, and the Court's review of the google earth pictures of the facility raise a question as to whether there is disabled access at the facility. Further, it could not be determined if such access was available when Plaintiff visited the facility or was added after Plaintiff's visit which could potentially moot her ADA claim in this action.

thereby entitled to injunctive relief for the violations of the ADA.

  **b. California State Law Claims**

  Plaintiff also brings a state law claim for violation of the California's Unruh Act and Disabled Persons Act. "After the ADA was passed in 1990, the California Disabled Persons Act and the Unruh Civil Rights Act were amended to provide that a violation of the ADA constitutes a violation of their provisions." Pickern v. Best W. Timber Cove Lodge Marina Resort, 194 F.Supp.2d 1128, 1131 (E.D. Cal. 2002) (citing Cal. Civ. Code § 54.1(d); Cal. Civ. Code § 51(f)).

  As Plaintiff's claims state a cause of action entitling her to relief under the ADA, Plaintiff's allegations also state a claim entitling her to relief under the Unruh Act and Disabled Persons Act.

  3. <u>The Sum of Money at Stake in the Action</u>

  The sum of money at stake in this action also weighs in favor of default judgment. Default judgment is disfavored where large amounts of money are involved or the award would be unreasonable in light of the defendant's actions. G & G Closed Circuit Events, LLC v. Nguyen, No. 3:11-cv-06340-JW, 2012 WL 2339699, at *2 (N.D. Cal. May 30, 2012). In this action, Plaintiff is seeking statutory damages in the amount of $5,000.00; attorney fees in the amount of $3,600.00; and costs of $400.00. This is not a large amount of money, nor does it seem unreasonable in light of the allegations contained in the complaint. This factor weighs in favor of granting default judgment.

  4. <u>The Possibility of a Dispute Concerning Material Facts</u>

  There is little possibility of dispute regarding the material facts due to the factual allegations in the complaint being taken as true upon Defendant's default. Defendant was properly served and failed to appear. Accordingly, this factor weighs in favor of granting default judgment.

  5. <u>Whether the Default Was Due to Excusable Neglect</u>

  Defendant has failed to file a responsive pleading, and although notified of the motion for entry of default, did not oppose the motion for default judgment. Given these facts, it is unlikely that the failure to respond was due to excusable neglect.

///

///

### 6. The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

Default judgments are disfavored because "[c]ases should be decided on their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, the policy favoring decisions on the merits does not weigh against entering summary judgment where the defendant's failure to appear has made a decision on the merits impracticable.

### 7. Conclusion

Based on the foregoing, the Court finds that the Eitel factors weigh in favor of granting default judgment and recommends that Plaintiff's motion for default judgment be granted.

## B. Relief Requested

Plaintiff seeks injunctive relief, statutory damages, attorney fees, and the costs of bringing suit in this matter.

### 1. Equitable Relief

Plaintiff seeks declaratory and injunctive relief for the violations alleged in the complaint. The declaratory relief which Plaintiff seeks is to provide a sufficient ground to find that the allegations not only violate the ADA, but violate the Unruh Act and Disabled Persons Act. Based on the allegations in the complaint, Plaintiff is entitled to declaration that, due to the condition of the property, Defendant Patel is in violation of Title III of the ADA, and California's Unruh Act and Disabled Persons Act.

Plaintiff also seeks an injunction requiring the removal of all architectural barriers to Plaintiff's access to the facility, and if Defendant fails to remedy the access, Plaintiff seeks closure of the facility. 42 U.S.C. § 12188 provides that "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required" by the ADA. 42 U.S.C. § 12188(a)(2). Pursuant to federal and state law, Plaintiff is entitled to the removal of those architectural barriers which she encountered on her visit to the facility that violated the ADA. Therefore, an injunction should issue requiring Defendant to ensure that the sidewalk access is compliant with applicable law as set forth in the ADA.

Plaintiff requests that, if Defendant fails to comply with the permanent injunction, the

Court order closure of the facility. In granting injunctive relief, the statute provides "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by [the ADA]." 42 U.S.C. § 12188(a)(2). Plaintiff provides no legal authority to support the request that if a wheelchair is unable to access the facility it should be closed.[2] Here, the Court is recommending that an order issue requiring the defendant to comply with the ADA. The Court finds no reason to presume that Defendant will refuse to comply with the order of the Court. The Court recommends that the request to order closure of the facility be denied.

2. Statutory Damages

Plaintiff seeks statutory damages in the amount of $5,000.00 as authorized by the California statutes. The Unruh Act provides for minimum statutory damages of $4,000 for each violation. Cal. Civ. Code § 52(a); Grove v. De La Cruz, 407 F.Supp.2d 1126, 1133 (C.D. Cal. 2005). Under the Unruh Act, statutory damages can only be recovered if a violation of one or more construction related accessibility standards denied the plaintiff full and equal access to the place of public accommodation on a particular occasion. Cal. Civ. Code § 55.56(a). A plaintiff is denied full and equal access only when she personally encountered the violation on a specific occasion. Cal. Civ. Code § 55.56(b). A litigant need not prove any actual damages to recover statutory damages of $4,000. Molski, 481 F.3d at 731.

Similarly, under California's Disabled Persons Act ("DPA"), a plaintiff is entitled to statutory damages of $1,000.00 where they are denied full and free access to public facilities. Cal. Civ. Code § 54.3(a). However, a person cannot be held liable for damages under section 54.3 and section 52 pursuant to the same act or failure to act. Cal. Civ. Code § 54.3(c); see also Phyllis W. Cheng, Ann M. Noel, and Susan Saylor, Overview of the Major Statutes and their Interaction, Calif. Fair Housing and Public Accommodations § 10:2 (December 2017 Update) ("Although the same discriminatory act may be prohibited by both the DPA and the Unruh Act, a litigant may collect statutory damages under only one statute.") Therefore, Plaintiff is not entitled to damages

---

[2] See supra note 1.

8

under both statutes.

Deterrence from accessing a place of public accommodation is shown where:

> (1) The plaintiff had actual knowledge of a violation or violations that prevented or reasonably dissuaded the plaintiff from accessing a place of public accommodation that the plaintiff intended to use on a particular occasion.
> (2) The violation or violations would have actually denied the plaintiff full and equal access if the plaintiff had accessed the place of public accommodation on that particular occasion.

Cal. Civ. Code § 55.56(d). Thus, a plaintiff may recover statutory damages even if she does not enter a facility.

As discussed above, Plaintiff alleges that she confronted the barrier because she visited the facility looking for lodging and due to the curb was unable to access the entry to the rooms at the motel. This is sufficient to demonstrate that Plaintiff had personal knowledge of the violation that prevented her from accessing the motel on a particular occasion. Since a violation of the ADA establishes a violation of the Unruh Act, the Court finds that Plaintiff is entitled to statutory damages of $4,000.00.

### 3. Attorney Fees

Plaintiff is requesting attorney's fees and costs of $4,000.00 in this action. Pursuant to 42 U.S.C. § 12205, the party that prevails on a claim brought under the ADA may recover reasonable attorney fees and cost at the discretion of the Court. "[U]nder federal fee shifting statutes the lodestar approach is the guiding light in determining a reasonable fee." Antoninetti v. Chipotle Mexican Grill, Inc., 643 F.3d 1165, 1176 (9th Cir. 2010) (internal punctuation and citations omitted). The Ninth Circuit has explained the lodestar approach as follows:

> The lodestar/multiplier approach has two parts. First a court determines the lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. A district court should exclude from the lodestar amount hours that are not reasonably expended because they are excessive, redundant, or otherwise unnecessary. Second, a court may adjust the lodestar upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar. The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or unreasonably high.

9

Van Gerwin v. Guarantee Mut. Life Co., 214 F.3d 1041,1045 (9th Cir. 2000) (internal citations and punctuation omitted).

Under the lodestar method, the court will first determine the appropriate hourly rate for the work performed, and that amount is then multiplied by the number of hours properly expended in performing the work. Antoninetti, 643 F.3d at 1176. The district court has the discretion to make adjustments to the number of hours claimed or to the loadstar, but is required to provide a clear but concise reason for the fee award. Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992). The loadstar amount is to be determined based upon the prevailing market rate in the relevant community. Blum v. Stenson, 465 U.S. 886, 896 (1984).

### a. Reasonable number of hours

Plaintiff seeks compensation for 4.80 hours spent litigating this matter. (Decl. of Counsel ¶ 6, ECF No. 7-1.) Counsel expended .6 hours in drafting the complaint; 1 hour researching ownership of the subject property; .10 hours drafting the petition for entry of default; .6 hours attempting to contact Defendant; and 2.5 hours drafting the instant motion. (Id.) The Court notes that Plaintiff filed a substantially similar motion for default judgment in Brooke v. C. & S. Chong Investment Corporation, No. 1:17-cv-01582-LJO-JLT (E.D. Cal. Feb. 15, 2018). Other than some factual allegations and changing the identifying information, the motions for default judgment are identical. The argument sections of the motions are also substantially identical even to the point where case names that are not italicized in one motion are not italicized in the other and Plaintiff is seeking the identical amount of monetary damages in each motion. Similarly, the declaration of counsel is identical in both action, including the amount of time that was spent on each entry, including drafting the motion for default judgment. The Court finds that given the similarities in the motions for default judgment and considering the actual difference between them, 1.5 hours is a reasonable amount of time for the changes made. The Court shall deduct 1 hour of time from the number of hours sought in this motion.

The Court finds that 3.8 hours of attorney time is reasonable for counsel's efforts in this action.

///

b.    **Reasonable hourly rate**

Counsel seeks $750.00 per hour for the time expended on this action. The loadstar amount is to be determined based upon the prevailing market rate in the relevant community, Blum, 465 U.S. at 896 (1984), which in this matter is the Fresno Division of the Eastern District of California. Plaintiff has presented no evidence regarding the reasonableness of the fees in this district, and the Court relies on its own knowledge of customary legal local rates and experience with the legal market in setting a reasonable hourly rate. Ingram v. Oroudjian, 647 F.3d 925, 926 (9th Cir. 2011).

In the Fresno Division of the Eastern District of California, attorneys with experience of twenty or more years of experience are awarded $350.00 to $400.00 per hour. See In re Taco Bell Wage & Hour Actions, 222 F.Supp.3d 813, 839 (E.D. Cal. 2016); see also Garcia v. FCA US LLC, No. 1:16-CV-0730-JLT, 2018 WL 1184949, at *6 (E.D. Cal. Mar. 7, 2018) (awarding $400.00 per hour to attorney with approximately thirty years of experience, $300.00 to attorney with fifteen years of experience; $250.00 to attorney with ten years of experience; and $225.00 to attorney with five years of experience; and $175.00 to attorney with less than five years of experience); Mike Murphy's Enterprises, Inc. v. Fineline Indus., Inc., No. 1:18-CV-0488-AWI-EPG, 2018 WL 1871412, at *3 (E.D. Cal. Apr. 19, 2018) (awarding attorneys with over twenty years of experience $325.00 and $300.00 per hour, and attorney with 7 years of experience $250.00 per hour); TBK Bank, SSB v. Singh, No. 1:17-CV-00868-LJO-BAM, 2018 WL 1064357, at *8 (E.D. Cal. Feb. 23, 2018), report and recommendation adopted, No. 117CV00868LJOBAM, 2018 WL 3055890 (E.D. Cal. Mar. 21, 2018) (awarding attorneys with over thirty-five years of experience $400.00 per hour, attorney with twenty years of experience $350.00 per hour; and attorney with ten years of experience $300.00 per hour).

Courts in the Eastern District of California, Fresno Division, have found that the reasonable hourly rates for competent attorneys with less than fifteen years of experience are $250 to $350 per hour. White v. Rite of Passage Adolescent Treatment Centers and Schools, No. 1:13-cv-01871-LJO-BAM, 2014 WL 641083, at *5 (E.D. Cal. Feb. 18, 2014) (awarding $300.00 per hour for counsel with six years of experience in representation action under the California Private Attorney

General Act of 2004). In this division, "$300 is the upper range for competent attorneys with approximately a decade of experience." Phillips 66 Co., 2017 WL 2875736, at *15) (quoting Silvester v. Harris, No. 1:11–CV–2137 AWI SAB, 2014 WL 7239371, at *4 (E.D. Cal. Dec. 17 2014)) (awarding attorney with 10 years of experience $290.00 per hour and attorney with 7 years of experience 275.80 per hour in contract action); see Roach v. Tate Publ'g & Enterprises, No. 1:15-CV-00917-SAB, 2017 WL 5070264, at *10 (E.D. Cal. Nov. 3, 2017) (awarding attorney with ten years of experience $325.00 per hour in copyright action); Sanchez w. Frito-Lay, Inc., No. 1:14-cv-00797-AWI-MJS, 2015 WL 4662636, at *18 (E.D. Cal. Aug. 5, 2015) (finding reasonable rate for attorney with fourteen years of experience was $275.00 per hour in a wage and hour class action).

Specifically, in the context of cases alleging violations of the ADA, courts in this district have awarded fees ranging from $250 to $300.00 per hour. Tarango v. City of Bakersfield, No. 1:16-CV-0099-JLT, 2017 WL 5564917, at *6 (E.D. Cal. Nov. 20, 2017) (awarding $250.00 per hour to attorney with less than six-years of experience but extensive experience in disability discrimination and $300.00 for attorney with ten years of experience, and $275.00 per hour for attorney with eight years of experience); Anglin v. Barron, No. 1:17-CV-00974-AWI-JLT, 2017 WL 5713375, at *8 (E.D. Cal. Nov. 28, 2017) (awarding $300.00 per hour to attorney with 19 years of experience litigating disability related issues). Recently, in another action in this district, Mr. Strojnik was awarded fees of $250.00 per hour. See Brooke v. C & S Chong Inv. Corp., No. 1:17-cv-01583-LJO-JLT, 2018 WL 1704628, at *8-9 (E.D. Cal. Apr. 9, 2018) (finding that Plaintiff's counsel's experience in ADA cases does not weigh heavily on the hourly rate as he has had actions dismissed for lack of standing on numerous occasions in both California and Arizona courts).

The Court agrees that $250.00 is a reasonably hourly rate for Mr. Strojnik based upon his experience of 11 years litigating civil rights cases, with a primary focus in ADA litigation. (Decl. of Counsel ¶¶ 3, 4.) Accordingly, the Court recommends that Plaintiff receive $250.00 per hour for the services of Mr. Strojnik.

///

**c.     Reasonable Attorney Fee Award**

The Court finds that Mr. Strojnik reasonably expended 3.8 hours in this action at a reasonable rate of $250.00 per hour. Accordingly, the Court recommends that Plaintiff be awarded attorney fees of $950.00.

4.     Costs

Both the ADA and Unruh Act authorize the award of costs for an action. See 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). Plaintiff also seeks costs of $400.00 for filing this action as evidenced by the docket. The Court takes judicial notice that on April 2, 2018, Plaintiff paid the filing fee of $400.00. The Court finds that the costs sought are reasonable and recommends that Plaintiff's request for $400.00 in costs be granted.

## IV.

## FINDINGS AND RECOMMENDATIONS

The Eitel factors weigh in favor of granting default judgment, and the entry of default judgment is within the discretion of the Court. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Based upon the foregoing, the Court HEREBY RECOMMENDS that:

1. Plaintiff's motion for default judgment be GRANTED;
2. Plaintiff be AWARDED statutory damages in the amount of $4,000.00;
3. Plaintiff be AWARDED attorney's fees of $950.00 and costs of $400.00 for a total of $1,350.00;
4. Plaintiff be GRANTED an injunction requiring Defendant to provide disability access at its motel, America's Best Inn & Suites, located at 1199 Motel Drive, Merced, California, in accordance with the Americans with Disabilities Act of 1990 and the Americans with Disabilities Act Accessibility Guidelines (ADAAG); and
5. The Clerk of the Court is DIRECTED to serve a copy of this order on Naresh Khushboo Patel, America's Best Inn & Suites, 1199 Motel Drive, Merced, California, 95341.

1    This findings and recommendations is submitted to the district judge assigned to this
2 action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen
3 (14) days of service of this recommendation, any party may file written objections to this findings
4 and recommendations with the Court and serve a copy on all parties.  Such a document should be
5 captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge
6 will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. §
7 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may
8 result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014)
9 (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 11, 2018**

UNITED STATES MAGISTRATE JUDGE